# Smith et al., Appellants, v. The Peoples Natural Gas Company.

*Leases—Oil and gas lease—Nonpayment of rent—Forfeiture— Bill in equity—Dismissal.*

1. The usual rule is that a lease must state the condition upon which a forfeiture can be declared or no forfeiture can be declared.

2. Although courts of equity will not in general relieve against a forfeiture, unless it be in a case of nonpayment of rent, where an exact and just compensation can be made by decreeing to the landlord the arrears of his rent with interest and costs, yet they never lend their assistance in the enforcement of one, but leave the parties to their legal remedies.

3. The lessor of an oil and gas lease received a stipulated quarterly rental for a period of ten years; the lessee had not entered upon or explored the premises as required by the lease. The lessee tendered the rent due on September 5, 1912, but his check was returned with a letter stating that the lessor did not care to continue the lease. The rental for each quarter was thereafter tendered until June 4, 1913, but the rental then due was not tendered until June 16th when it was refused. Two years thereafter the lessor brought a bill in equity alleging that the lessee's failure to render the rental due June 4, 1913, worked a forfeiture of the lease and prayed for a decree accordingly. *Held,* the lower court did not err in dismissing the bill.

Argued Jan. 25, 1917.  Appeal, No. 1, Oct. T., 1917, by plaintiffs, from decree of C. P. Clarion Co., May T., 1915, No. 3, dismissing bill in equity for the forfeiture of an oil and gas lease, in case of D. B. Smith in his own right, and D. B. Smith, Reid Smith, C. B. Smith and Bessie Smith Fleeger, intermarried with Thomas Fleeger, husband and heirs at law of Ella C. Smith, deceased, v. The Peoples Natural Gas Company, a corporation. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Bill in equity to enforce the forfeiture of an oil and gas lease.   Before SLOAN, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill.   Plaintiffs appealed.

*Error assigned* was the decree of the court.

*John S. Shirley* and *Don C. Corbett,* with them *H. E. Rugh,* for appellants.

*F. J. Maffett* and *H. M. Rimer,* with them *Christy Payne,* for appellees.

OPINION BY MR. JUSTICE STEWART, April 16, 1917:

The discussion of this case has taken a much wider range than was necessary under the pleadings.   The several questions touching the legal effect to be given the contract out of which the contention arises, and the reciprocal rights and obligations of the parties thereunder, all of which were so elaborately discussed, are not in any way involved in the issue presented.   The one question in the case is, whether, under the terms of the particular contract we have to consider, and below in part recited,—whether it be a grant, or a lease or an option,—the grantor or lessor is entitled to the intervention of the court to have the estate granted declared forfeited because of non-payment at the appointed time of a stipulated quarterly

installment. The facts are briefly these. On the 2d of November, 1902, the appellant, with his wife who was the owner of the land, executed and delivered to William Fairman, and his assigns, an instrument under seal wherein it is recited, that in consideration of one dollar paid, they have granted with covenants of general warranty to the said Fairman and his assigns, all the oil and gas in and under a certain tract of land situate in Limestone Township, Clarion County, containing sixty-five acres. This is followed by a statement of the terms on which the grant is made in separate paragraphs: the first recites that party of the second part agrees to drill a well on said premises within four months from the date of the instrument, or thereafter pay to the party of the first part eight dollars and six cents quarterly in advance until said well shall be drilled, or the property or estate granted is reconveyed or surrendered to the party of the first part; 2d, that if oil be found in paying quantities the party of the second part shall deliver to the party of the first part one-sixth of the oil so produced; 3d, that in case gas be found in paying quantities the consideration shall be at the annual rate of two hundred dollars payable quarterly in advance, etc., the seventh recites that the party of the second part "may at any time remove all its property, fixtures, etc., and may surrender this lease and reconvey to the party of the first part, its heirs and assigns, the premises and estate hereby granted, and thereafter be relieved from further liability under this grant and instrument." The other terms and provisions are without significance and need not be recited. On the 9th of December following, Fairman assigned to The Peoples Natural Gas Co., the appellee all his right and interest in and under the contract. Up to the time of filing the present bill no occupancy of the premises had been taken by the appellee and during this period no attempt had been made to drill a well thereon, but the appellee had continued regularly to pay the stipulated quarterly rental, as rental, of eight dollars

and six cents in advance, until September 5, 1912, a period of ten years. On August 27, 1912, appellee sent check to appellant for quarterly rental due on the following September 5th. This check appellant returned to appellee enclosed in a letter from the former's attorney in which this appears,—"Mr. Smith (appellant) does not care to continue the lease and therefore returns the rental you sent him in August. He now wants the lease returned to him, and the purpose of this letter is that you return it to him promptly at your earliest convenience." The rental for each quarter thereafter was tendered until June 4, 1913. The rental then due was not tendered until June 16th, when it too was declined. On the following December 9th, appellant caused the following notice to be served on appellee,—"This is to notify you that I hereby declare forfeited the lease given by me and my wife Ella Smith to M. M. Fairman and assigned to your company, on sixty-five acres, more or less, in Limestone Township, Clarion County, Pennsylvania,—and that the said lease has been void and of no effect since June 4, 1913, for the reason that you failed at that time to pay the rentals due under the terms of the lease as therein provided." This was more than two years after the appellant had refused the tender of rental due September 5, 1912, and had demanded a return of the lease. Appellant filed his bill in May, 1915, in which, after setting forth the above facts, he asked that the lease be declared forfeited, void and of no effect, and that appellee be directed to deliver up the same. While the failure of appellee to drill a well on the premises within four months from the making of the contract is a matter complained of in the bill, it is not made a basis for the relief asked, as indeed it could not be in view of the fact that for the ten years following the agreement the appellee had acquiesced, and received the quarterly payments. The acceptance of these quarterly payments which both parties treated as rental, is wholly inconsistent with, and fully negatives any claim that the con-

tract had either expired or been rescinded. Up to the time when it is claimed that default was made in the quarterly payments the relation of landlord and tenant unquestionably existed, and the acceptance of the rent during that period, concludes the appellant from asserting anything to the contrary. Since therefore, the bill of complaint suggests no other ground for the relief prayed for than the default in the quarterly payment of eight dollars and six cents, it follows that it is wholly unnecessary to consider the several questions discussed by counsel on one side and the other as to the nature and character of the original contract between the parties. For present purpose we give the contract the construction the parties themselves put on it.

The refusal by appellant to accept the tender of September 5, 1912, is put distinctly on the ground that the tender was not made in time. This is itself a clear admission that up to that time the contract was a subsisting one. The learned court refused the prayer of the petitioner and dismissed the bill. The appeal brings before us the single question we have above indicated.

It is to be remembered that it was affirmative relief that was here sought, the enforcement of a forfeiture. Our cases recognize a clear distinction between a proceeding for the enforcement of a forfeiture and one asking for relief from forfeiture. Says SHARWOOD, J., in Oil Creek R. R. Co. v. Atlantic & Great Western R. R. Co., 57 Pa. 65, 72—"He (the chancellor) exercises, upon the question presented, a sound discretion, under all the circumstances of the case, for the most part untrammelled by rule or precedent. If the bargain is a hard or unconscionable one, if the terms are unequal, if the party calling for his aid is seeking an undue advantage, he declines to interfere. Therefore it is that although a court of equity will not in general relieve against a forfeiture, unless it be in the case of nonpayment of rent, where an exact and just compensation can be made by decreeing to the landlord the arrears of his rent with interest and

costs, yet they never lend their assistance in the enforcement of one, but leave the party to his legal remedies." The contract in the case just cited in express terms provides for a forfeiture in case of failure to perform any of its stipulations.   In the present case, as in the case of Marshall v. Forest Oil Co., 198 Pa. 83, 90, where the attempt was to forfeit a lease for nonpayment of rental, the contract contains no stipulation for forfeiture.   It is there said, by the present Chief Justice—"There is nothing in the lease providing that it should be forfeited by the nonpayment of the rental.   The only forfeiture contemplated is that resulting from an abandonment of the lease and the removal of the lessee's property from the premises; and the lessor could not have rescinded the lease because the lessee failed to pay the monthly rental. He had a right to enforce payment of the same by suit against the lessee for each monthly default, and, upon such default, in a short time any right of the latter in the leased premises would have been divested in proper proceedings by the former."

The usual rule is that a lease must state the condition upon which a forfeiture can be declared, or no forfeiture can be declared: Vandevoort v. Dewey, 42 Hun. (N. Y.) 68.   Other authorities might readily be cited of like tenor, but these given make it unnecessary to pursue the matter further.   All we decide in the case is that appellant was not entitled to enforce forfeiture on the ground set up in this bill.

It follows that no error was committed, and the decree is, therefore, affirmed, and the appeal is dismissed.