[No. 1233, August 25, 1909.]

TERRITORY OF NEW MEXICO, Appellant, v. CHARLES K. NEWHALL, et als, Appellees.

SYLLABUS (BY THE COURT.)

When the treasurer of a county in this Territory retained a commission for the amounts collected by and paid to him by the sheriff of the county for gaming and liquor licenses, under the law of 1901, and the Board of County Commissioners, audited and approved the accounts of the treasurer, knowing all of the facts in the case, and allowed him to retain the commission, under a mistake of law, there being no fraud or improper conduct on the part of the treasurer, the money so retained cannot be recovered back, as the same was a voluntary payment made under a mistake or in ignorance of the law.

Appeal from the District Court for the County of Bernalillo before IRA A. ABBOTT, Associate Justice. Affirmed.

JAMES M. HERVEY, Attorney General for Appellant.

The county treasurer was not entitled to commission on the liquor or gaming licenses. Hubbell v. County, 13 N. M. 546.

When a public officer has obtained possession of public money to which he is not entitled, he cannot honestly and in good conscience retain that money, and therefore, although he may have received it under a mistake of law, can be compelled to refund it. Northrop v. Graves, 19 Conn. 553-560; Culbreath v. Culbreath, 7 Ga. 64; 2 Pom. Eq. Jur., secs. 849, 851; Badeau v. U. S., 130 U. S. 439, 9 Sup. Ct. 579; Ada Co. v. Gess, 4 Idaho 616, 43 Pac. 72; Supervisors v. Knipfer, 37 Wis. 502; County v. Webster, 111 Wis. 273; Story Ag., pars. 398, 435; Stevenson v. Mortimer, Cowp. 806; Allen v. Com., Va. Law J., Sep. 1887, 1 S. E. Rep. 607; Commonwealth v. Field, 3 S. E. 884, 885; Code Civile 1377; Toullier, Code Civile Francais, vol. 6, No. 75, vol. 11, No. 63; 1 Story Eq. 121, note 2; Elliott v. Swartout, 10 Pet., 35 U. S. 153; U. S. v. Bartlett, 24 Fed. Cas. 14, 532, p. 1024; 18 A. & E. Enc. Law, pp. 223-225, note and cases cited; Ellis v. Board, 107 Mich. 532, 536; State v. Roderick, 41 N. W. 404; Hazlet v. Holt Co., 71 N. W. 717; Heald v. Polk Co., 64 N. W. 376; Morrow v. Surber, 11 S. W. 49; Palo Alto Co. v. Burlingame, 71 Iowa, 213, 214; Quaw v. Paff, 98 Wis. 589; Mansfield v. Lynch, 59 Conn. 321, 326; Park v. Blodgett, 65 Conn. 28, 33, 34; Stevens v. Goodell, 3 Metc. 34, 36-38; Stedwell v. Anderson, 21 Conn. 144; Kane v. Morehouse, 46 Conn. 305.

Statutes of limitation never apply to the sovereignty, whether state or territorial, unless the intention of the legislature so to do is clear and unmistakable. Wood on Limitations, sec. 52; C. L. 1897, secs. 1548, 2624, 2753, 2917, 2609, 780, 721, 773, 785, 787, 801; C. L. 1884, sec. 129; 2 Freeman on Executions, pp. 804, 805; Commonwealth v. Johnson, 6 Pa. St. 136; 2 Dill. on Mun. Corp., sec. 675; 25 Cyc. 1009; Des Moines v. Harker, 34 Iowa 85; Logan County v. Lincoln, 81 Ill. 156-159; Laws 1901, chap. 90, sec. 12, chap. 19, sec. 6; Rush County v. State, 13 Ind. 498; State v. St. Joseph County, 90 Ind. 359, 362; County v. Goodell, 97 Ill. 84; Greenwood v. LaSalle, 137 Ill. 228, 229; Alton v. Ill. Transp. Co., 12 Ill. 38, 60; Catlett v. People, 151 Ill. 23; McCartney v. People, 202 Ill. 51, 53; Russell v. Lincoln, 200 Ill. 511, 522; Pew

v. Litchfield, 115 Ill. App. 13, 18; Trustees of Schools v. Arnold, 58 Ill. App. 103, 107, 110; Trustees v. Campbell, 16 O. St. 11, 15, 16; Hogan v. Ingle, 2 Cranch. C. C. 352; Cross v. Mayor, 18 N. J. Eq. 311, et seq.; Simplot v. Railway Co., 16 Fed. 360, 361.

ALONZO B. McMILLEN and HERBERT F. RAYNOLDS for Appellees.

No action will lie to recover back money paid under a mutual mistake of law.   Eliott v. Swartout, 10 Peters 153; Lockhart v. Leeds, 76 Pac. 312; Kraft v. City of Keokuk, 14 Ia. 86; Norton v. Marden, 15 Me. 45, 32 Am. Dec. 132; Mowatt v. Wright, 1 Wend. 355, 31 Am. Dec. 508; Chaplin v. Laytin, 18 Wend. 407, 31 Am. Dec. 382; Mayer v. Lefferman, 4 Gill. 145, 45 Am. Dec. 145; Pomeroy's Equity Jurisprudence, sec. 842; Estis v. Jackson, 111 N. C. 145, 32 Am. S. Rep. 784; Gjerstadengen v. Van Dusen, 7 N. D. 612, 66 A. S. R. 679.

The decision of the Board of County Commissioners becomes an adjudication of the rights of the parties unless appealed from.   Boone Co. v. Dils, 5 Ky. Law Reports 686; Sioux County v. Jameson, 43 Neb. 265, 61 N. M. W. 596; Heald v. Polk Co., 46 Neb. 28, 64 N. W. 376; State v. Vincent, 46 Neb. 408, 65 N. W. 50; Onadaga Co. Supervisors v. Briggs, 2 Denio 26; Scioto Co. Commissioners v. Gherky, Wright 493; Randall v. Lyons Co., Nev., 14 Pac. 583; Painter v. Polk Co., 81 Ia. 242; Board of Com. of Garfield Co. v. Leonard, Colo., 34 Pac. 583; Bartlett v. N. Y. Cent. & H. R. Co., Mass., 81 N. E. 204; Lincoln Tp. v. Kearney Co., Neb., 112 N. W. 608; Placer Co. v. Campbell, Cal., 11 Pac. 602.

The rule excepting the state from the provisions of general statutes of limitation "has no application in cases where, although a nominal party to the record, it has no real interest in the litigation, but its name is used to enforce a right which inures solely to the benefit of an individual or corporation, municipal or otherwise."   Wood on Limitations, secs. 52, 53, p. 113; C. L. 1897, secs. 2913, 2917, 1534, 1538, 1564; Gibson v. Choteau, 13 Wall. 99; 25 Cys. 1906; Miller v. State, 38 Ala. 600; U. S.

v. Nashville. C. & St. Louis R. R. Co. 118 U. S. 125; Opinion of Solicitor General E. L. Bartlett, May 2, 1901; 1 Dillon on Municipal Corporations, 4 ed., sec. 548; Clark v. City of Washington, 12 Wheat. 40; School Directors v. Georges, 50 Mo. 194; City of Cincinnati v. Evans, 5 Ohio St. 194; 2 Dillon on Municipal Corporations, secs. 668, 674, 675; Cincinnati v. First Presbyterian Church, 8 Ohio 298; Dundee Harbour Trustees v. Dougall, 1 Macqueen H. I. Cas. 317; Washington & Georgetown Railroad Co. v. District of Columbia, 136 U. S. 653; U. S. v. Beebe, 127 U. S. 338-347; Curtner v. U. S. 149 U. S. 662-671; U. S. v. Des Moines Nav. Co., 142 U. S. 510; Moody v. Fleming, 4 Ga. 115; New Hampshire v. Louisiana, 108 U. S. 76; U. S. v. Bell Telephone Co., 167 U. S. 222, 265; Moran v. Horsky, 178 U. S. 205-213; U. S. Bank v. McKenzie, 2 Brock U. S. 393; Metropolitan Road v. Dist. of Col., 132 U. S. 111; Lover v. Wilson, 6 Pa. State 290; Boone Co. v. Burlington, etc. Ry., 139 U. S. 684-693; Arapahoe Village v. Albee, Neb., 8 A. S. R. 202-206; New Hampshire v. Louisiana, 108 U. S. 76; In re Ayres, 123 U. S. 492; May v. School District, 22 Neb. 205, 34 N. W. 377, 3 A. S. R. 266; Lane v. Kennedy, 13 O. S. 42; Kennebunkport v. Smith, 21 Me. 445; Alton v. Ill. Trans. etc. Co., 12 Ill. 38; County of St. Charles v. Powell, 22 Mo. 525, 66 Am. Dec. 637 and note; Oxford Tp. v. Columbia, 38 O. S. 87; Evans v. Erie Co., 66 Pa. State 222; Baker v. Johnson Co., 33 Ia. 151; Armstrong v. Dalton, 4 Dev., N. C., 568; County of Lancaster v. Brinthall, 29 Pa. St. 38; Commissioners v. Buckner, 48 Fed. 533; City of Ft. Smith v. McKibben, 41 Ark. 45, 48 A. R. 19; City of Helena v. Horner, 58 Ark. 151, 23 S. W. 966; City of Burlington v. Burlington, etc. R. R. Co., 41 Ia. 134; City of Ft. Scott v. Schulenberg, 22 Kas. 452; Callaway County v. Nolle, 31 Mo. 393; City of Jefferson v. Whipple, 71 Mo. 519; Foxworthy v. City of Hastings, 23 Neb. 772, 37 N. W. 657; City of Galveston v. Menard, 23 Tex. 349; Mellinger v. City of Houston, 68 Tex. 36, 3 S. W. 249; Forsyth v. City of Wheeling, 19 W. Va. 318; Teass v. City of St. Albans, 38 W. Va. 1, 17 S. E. 400, 19 L. R. A. 802; Pimental v. City of San Francisco, 21

Calif. 351; City of Pella v. Scholte, 24 Ia. 283, 95 Am.
Dec. 729, note at p. 740; Clark v. Iowa City, 20 Wallace
583; Bannock County v. Bell, 8 Idaho 1, 65 Pac. 710, 101
A. S. R. 140, note 144, 145; Hagerman v. Territory, 11 N.
M. 156, 161; City and County of San Francisco v. Jones,
20 Fed. 190.

### STATEMENT OF FACTS

The defendant, Charles K. Newhall, was the duly
elected, qualified and acting treasurer and ex-officio collec-
tor of the County of Bernalillo, in this Territory, for the
years 1901 and 1902, and the defendants Flournoy and
Hesseldon, and four others, who were not made parties to
this suit, were his bondsmen.

This suit was commenced on May 24th, 1906, more
than three years after Newhall's term of office had expired.

Newhall, the principal on the bond, while a formal
party to the suit, was never served with process, and did
not enter his appearance in the case. The complaint al-
leges the election and qualification of Newhall as treasurer
and ex-officico collector of Bernalillo County, and the giv-
ing of the bond by him and his sureties on which this suit
is brought. These allegations were admitted in the an-
swer, but all of the other allegations set forth in the com-
plaint were denied, including the breaches of the bond.

After the evidence was in, the District Attorney vol-
untarily dismissed paragraphs 4 and 5 of the complaint
and continued the action, only claiming under paragraph
3 of the complaint, which alleges that Newhall, after
March 9th, 1901, by virtue of his office received from the
sheriff of Bernalillo County, at divers times the sum of
$56,630, on account of money collected by the sheriff from
liquor and gaming licenses, all of which money it was the
duty of the defendant Newhall to distribute, two-thirds
to the credit of the school districts wherein such licenses
were respectively paid, and one-third to the credit of the
general school fund, but that in violation of his duty he
converted to his own use the sum of $2,265.20 thereof.

In addition to the denial of the allegations contained

in paragraph three of the complaint, the defendants also plead the statute of limitations, to-wit: that the cause of action did not accrue to the plaintiff at any time within two years next before the commencement of the suit.

To that portion of the answer setting up the statute of limitations, plaintiff demurred upon the theory that the statute of limitations could not run against the plaintiff, the Territory of New Mexico, and the court sustained the demurrer and gave the defendants leave to amend their answer, which they did by setting up that the sum of $2,265.20 retained by Newhall, was kept by him as commission for collecting said gaming and liquor license, that the claim of said Newhall for said commissions was duly made to and approved by the Board of County Commissioners of Bernalillo County as a valid claim and charge of Newhall out of the funds so collected by him; that the accounts of Newhall showing in detail the claim for and retention of the commissions were duly filed with and approved by the said Board of County Commissioners, who then and there authorized and approved the retention of said commissions as a part of the legal fees and charges of the said Newhall, and that if Newhall was not legally entitled to said commissions, the allowance of the same to him was the result of a mistake of law and not of fact.

The defendants also allege that the orders approving Newhall's accounts were never appealed from or otherwise reversed, modified or set aside, but are still in full force and effect.

After hearing all of the evidence, the court directed the jury to return a verdict in favor of the defendants, on the ground that the commission could not be recovered, because it was paid under a mistake of law. From this judgment the plaintiff appeals.

### OPINION OF THE COURT.

MILLS, C. J.—In the decision of this case but a single point is involved, viz.: Can the Territory recover the commissions paid to Newhall, he not being entitled to them, when the payments to him were made under a mis-

take of law, both plaintiff and defendants knowing all of the facts in the case.

There are only three grounds on which a suit can be maintained to recover back money paid; to-wit: Fraud, mistake or duress. Lamborn v. County Commissioners, 97 U. S. 191.

In the case at bar fraud or duress are not charged.

Mistake, in order to be a ground of recovery, must be a mistake of fact, and not of law. Such at least is the general rule. Hunt v. Rousaminere, 1 Pet. 1; Bilbie v. Lumley, 2 East 183; 2 Smith Lead Cases, 398 (6th ed. 458), notes to Marriot v. Hampton. A voluntary payment, made with a full knowledge of all the facts and circumstances of the case, though made under a mistaken view of the law, cannot be revoked, and the money so paid cannot be recovered back. Clarke v. Dutsch, 9 Cow. 674; Eage v. Koontz, 8 Pa. St. 109; Boston and Sandwich Glass Co. v. City of Boston, 4 Met. 181; Benson v. Monroe, 7 Cush. 125; Milnes v. Duncan, 6 Barn. & Cres. 671; Lamborn v. County Commissioners, 97 U. S. 181; Elliott v. Swartout, 10 Pet. 150.

In a recent case in Missouri, decided as late as the year 1905, the supreme court of that state holds the law to be: "That money paid through a mistake of fact may be recovered in an action for that purpose. * * * But in all such cases the mistake must be one of fact and not of law, for all persons are deemed to have notice of the law. * * * The rule stated has been uniformly followed in this state in reference to all kinds of payments, including taxes, licenses and claims, and the doctrine is firmly established that payments made with a full knowledge of all the facts constitute voluntary payments and cannot be recovered, and that mistake or ignorance of law gives no right to recover." American Brewing Company v. St. Louis, 187 Mo. 367. This case has been annotated in 2 Am. & Eng. Annotated Cases 822, and in it a number of Missouri cases are cited in support of this legal proposition, which in fact seems to be the acknowledged law of the land. The rule as set out in 30 Cyc. 1313, is that "except when it is otherwise provided by statute, the gen-

eral rule is that a voluntary payment made under a mistake or in ignorance of the law, but with full knowledge of all the facts, and not induced by any fraud or improper conduct on the part of the payee, cannot be recovered back, and in so far as this rule is concerned, there is no difference between ignorance and mistake of law. It applies to a corporation as well as to a natural person, and in equity as well as in law." A long line of authorities are quoted in support of this rule.

To determine this case, we will have to ascertain just how the payments in controversy were made. The legislature of this Territory passed an act prescribing the duties of sheriffs in regard to liquor and gaming licenses, which Act was approved March 9th, 1901, and became a law on that date. The Act was somewhat obscure, and the several counties in the Territory did not act uniformly in paying their officers for the collection of this tax, some of them paying both the sheriff and treasurer four per cent of the amounts collected for such licenses, while other counties only paid the sheriff four per cent for such collections and paid the treasurer nothing. As shown on page 18 of the brief of the appellees, filed on August 31, 1908, the Solicitor General, then the highest law officer of the Territory, on May 2, 1901, gave a written opinion, which was generally circulated through the Territory, in which he held that both the sheriff and the collector were entitled to retain a commission of four per cent on licenses collected for the sale of liquors and the running of games of chance.

A case involving the question as to who was entitled to receive the commission for the collection of these licenses was brought before us, and this court decided unanimously on June 29th, 1906, in the case of Hubbell v. Board of County Commissioners of Bernalillo County, 13 N. M. 546, that a county treasurer was not entitled to a commission upon moneys collected for gaming and liquor licenses during the period between March 9, 1901, and March 14, 1905, when a new law regarding compensation of certain county officers was passed. This decision of our Supreme Court set at rest all doubts as to who was entitled to the

commission for the collection of gaming and liquor licenses.

An examination of the record before us shows that the defendant, Newhall, made regular reports to the Board of County Commissioners, in which he reported the several amounts collected by him, and the County Commissioners certify that they have checked the accounts submitted to them with the books of the said Newhall, as treasurer, and that said accounts are correct.

The books of the treasurer show that he had deducted the four per cent from the license money paid to him by the sheriff, who originally collected the same. It appears in fact from the certificates in the transcript that a regular audit was made before the account of the treasurer was approved by the Board of County Commissioners.

The Board of County Commissioners is the body which approves or disapproves the reports of the treasurers in their several counties, and by Section 671, Compiled Laws of 1897, an appeal lies to the District Court, and may be taken by any person whose claim may be disallowed in whole or in part by that Board.

In the case at bar we can come to no other conclusion but that the four per cent commission on the gaming and liquor licenses, were paid to Newhall under a mistake of law. In truth it is not contended that the payments were made on account of any fraud, duress or mistake of fact, and under the law, as above set out, such payments having been made under a mistake of law, we are of the opinion that the court below very properly instructed the jury to return a verdict in favor of the defendants, appellees herein.

There being no error in the judgment of the court below, the same is therefore affirmed; and it is so ordered.

Cooley and Mechem, A. J., did not hear the argument in the case and took no part in this decision.