72 P.(2d) 7

STAPLIN v. VESELY, Commissioner of Public Lands.

No. 4226.

Supreme Court of New Mexico.

Sept. 29, 1937.

Carl B. Livingston, of Santa Fé, for appellant.

Mariot H. Murphy, of Santa Fé, for appellee.

BRICE, Justice.

The Commissioner of Public Lands issued to the appellee, in consideration of $32, an oil lease upon lands conceded by the parties to be owned by the United States, being a numbered 16 section in an unsurveyed township. Presumably this land, when the township is surveyed, will become the property of the State under the provisions of the Act of Congress of 1910, authorizing the people of New Mexico to organize a state government, commonly known as "The Enabling Act." The appellee brought proceedings to recover the $32 paid for such lease under chapter 99, New Mexico Laws 1931, section 1 of which is as follows: "Any moneys heretofore at any time, or hereafter, erroneously paid on account of any lease or sale of state lands, which moneys are not carried in any suspense fund but have been distributed to the proper income fund, shall be repaid in the manner hereinafter prescribed."

Provision is made in that act for filing claims with the Commissioner of Public Lands; action on it by the Commissioner; then the filing of the proceedings in the district court, and a determination of the issues there upon hearing; and for an appeal to this court. The object of the act is to authorize the return to the owner of

moneys erroneously paid to the Commissioner of Public Lands in the transaction of business when it is covered into his funds in the State Treasury. Large sums of money had been collected from people in such dealings and covered into the several funds of the Commissioner of Public Lands in the State Treasury, and the Supreme Court had held that for constitutional reasons such funds could not be paid out by the Commissioner of Public Lands by virtue of section 132-110, 1929 Comp. Sts., which is as follows: "Any money erroneously paid on account of any lease or sale of state lands shall be repaid by voucher drawn by the commissioner presented to the state auditor who shall draw his warrant upon the state treasurer for the amount thereof, who shall pay same out of the fund to the credit of which said money was placed." McAdoo Petroleum Corporation v. Pankey, Commissioner, 35 N.M. 246, 294 P. 322.

█ The land was not leased by the State to appellee, and therefore appellee is not disputing his landlord's title, as contended by appellant. The relation of landlord and tenant does not exist in this case. An oil lease is not what is ordinarily denominated a lease, it is a sale of an interest in land. Terry et ux. v. Humphreys et al., 27 N.M. 564, 203 P. 539; Jones-Noland Drilling Co. v. Bixby, 34 N.M. 413, 282 P. 382.

█ It is alleged in appellee's application as a ground for a refund: "Applicant states that his reasons why such payment was erroneously made are as follows: This township has never been surveyed, hence the state has never had title to this section, and no right to lease same."

The court found as facts on the question of "erroneous payment": "That at the time the aforesaid lease was executed the said lands were not surveyed nor have the said lands been surveyed to the date hereof, nor did Orrin L. Staplin have any knowledge at the time said lease was made that the said lands were not surveyed."

The appellant attacked that part of such finding which reads, "nor did Orrin L. Staplin have any knowledge at the time said lease was made that the said lands were not surveyed," upon the ground that it is not supported by any evidence.

We find no evidence in the record to support that portion of the finding, and it is accordingly stricken.

The facts alleged and proved are in substance that the Commissioner of Public Lands executed and delivered to appellee, in consideration of $32, an oil lease upon section 16 in an unsurveyed township. But to authorize a refund under the statute in question there must be an error of fact; and none is alleged or proved. The money may have been voluntarily paid with knowledge of the facts, in which case it could not be recovered. Territory of N. M. v. Newhall et al., 15 N.M. 141, 103 P. 982.

An "error of fact" is "that error which proceeds either from ignorance of that which really exists, or from a mistaken

belief in the existence of that which has none." Delogny v. Her Creditors, 48 La. Ann. 488, 19 So. 614; Scott et al. v. Ford, 45 Or. 531, 78 P. 742, 80 P. 899, 68 L.R.A. 469; Mowatt v. Wright, 1 Wend.(N.Y.) 355, 19 Am.Dec. 508.

As no "erroneous payment" is alleged or proved, the judgment of the district court is reversed, with instructions to dismiss the case.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.