240 P.2d 844

**BOLACK v. HEDGES et al.**

No. 5454.

Supreme Court of New Mexico.

Feb. 8, 1952.

Esther S. Crane, Aztec, Seth & Montgomery, Santa Fe, Hoy & Burnham, Farmington, for appellant.

H. A. Daugherty, Charles M. Tansey, Jr., Farmington, for appellee Sarah Myers Hedges.

McGHEE, Justice.

The appellant filed suit to quiet title to minerals in land in San Juan County claimed under an "unless" oil and gas lease executed by the appellee, a copy of which was attached to the complaint. He followed the statutory form, except he alleged he was the owner of a leasehold interest by virtue of the lease, and stated: "* * * and that said defendant has interfered and threatens to interfere with operations under the oil and gas lease referred to in paragraph 1 hereof from which plaintiff derives his estate in the premises."

He added the following to the statutory prayer: "That the defendant Sarah Myers Hedges (also known as Sarah Meyers Hedges and as Sarah M. Hedges) be estopped and enjoined and restrained from any interference with the operations for the discovery, development and production of gas and/or oil by plaintiff or his assigns under the terms of the lease set forth herein as Exhibit A."

The cash consideration for the execution of the lease on the 320 acres was $400.00, and was for a primary term of six years and as long thereafter as oil or gas should be produced, with the further provision: "If operations for the drilling of a well for oil and gas are not commenced on said land on or before one year from this date, this lease shall terminate as to both parties, unless the lessee shall, on or before one year from this date, pay or tender to the lessor or for the lessor's credit in the Citizens Bank of Aztec * * * the sum of Three Hundred and Twenty Dollars * * * which shall operate as rental and cover the privilege of deferring the commencement of drilling operations for a period of

one year. In like manner and upon like payments or tenders, the commencement of drilling operations may be further deferred for like periods successively. * * * "

It also provided for the delivery by the lessee in the pipe line of one-eighth of the oil produced and the payment to lessor of one-eighth of the proceeds of gas produced and sold from wells where gas only is produced; and for a payment of $50 per year for royalty on each gas well where such gas is not sold.

The appellee moved the complaint be dismissed for failure to state a claim against her upon which relief could be granted, and the trial court sustained the motion solely on such ground, without stating wherein the complaint was insufficient.

The appellant appealed and filed a pro forma brief under Supreme Court Rule 15(5), and we directed the appellee to file her brief and therein specify and maintain the insufficiency of the complaint. She attempts to sustain the order of dismissal under the following points:

1. Prior to entry upon land and discovery of oil the lessee under an "unless" oil and gas lease has no interest therein or title thereto which will support an action to quiet title.

2. The option of appellant to terminate the lease at any time deprives appellant of the right to specific performance directly or indirectly.

3. A plaintiff out of possession cannot maintain a quiet title action against a defendant in possession.

4. A quiet title action is not a proper proceeding by a lessee to determine his rights under an oil and gas lease as against his lessor.

Points 1 and 2 will be answered together.

We held in Terry v. Humphreys, 27 N.M. 564, 203 P. 539, that an "unless" oil and gas lease such as we have here conveyed an interest in the realty, an indeterminable fee, following the Texas cases on the subject. This holding has been followed and approved by this court in Staplin v. Vesely, 41 N.M. 543, 72 P.2d 7; Sims v. Vosburg, 43 N.M. 255, 91 P.2d 434; Duvall v. Stone, 54 N.M. 27, 213 P.2d 212; and Vanzandt v. Heilman, 54 N.M. 97, 214 P.2d 864, 870. In addition, the legislature has provided for the taxation on an ad valorem basis of severed mineral interests. Sec. 76–502 et seq. N.M.S.A., 1941 Comp.

The Vanzandt case, supra, was brought for specific performance of a contract to execute and deliver an "unless" oil and gas lease. The opinion deals principally with the question of mutuality of contract, but it has as its foundation the fact that such a lease conveys an interest in the realty. With this fact in mind the author, then Chief Justice Brice, stated: "First as to the lease which defendant contracted to execute. An oil lease does not create the

ordinary relation of landlord and tenant; it conveys an interest in real property, Staplin v. Vesely, 41 N.M. 543, 72 P.2d 7, and this is now generally held, although the early decisions, with few if any exceptions, held that such interest was personal property."

The appellee cites many cases in support of her argument that our former decisions on the subject are erroneous, and should now be overruled and we should hold these oil and gas leases create only personal property, at least until actual production of oil and gas is obtained. She relies strongly on the case of Gloyd v. Midwest Refining Company, 62 F.2d 483, where the Court of Appeals of the Tenth Circuit declined to follow Terry v. Humphreys, supra, and held an "unless" oil lease did not convey an interest in realty. In that case the court was struggling to avoid cancelling an oil and gas lease because of a letter transmitting a check for rentals which had been lost in the mails. The opinion was filed five years prior to the decision in Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, which put a stop to the frequent practice of the various federal courts in ignoring the decisions of the state courts, even when they overruled a settled rule of property of the states.

The oil industry in New Mexico has adjusted itself to the rule announced in the Terry case and we do not feel we should now change the rule.

We hold that points 1 and 2, supra, do not afford support for the ruling of the trial court.

■ The next point urged is that a plaintiff out of possession cannot maintain a quiet title action against a defendant in possession.

The complaint does not state either the plaintiff or the defendant Hedges is in possession, but it does allege the plaintiff is the lessee in the oil and gas lease, which makes them cotenants, with the lessee having the dominant estate and the lessor the servient estate in so much of the leased premises as is necessary to carry on the oil operations provided for in the lease. 31A Tex.Jur., Sec. 117. In addition, it is alleged in paragraph 3 of the complaint: " * * * and that said defendant has interfered and threatens to interfere with operations under the oil and gas lease referred to in paragraph 1 hereof from which plaintiff derives his estate in the premises."

Under this allegation proof would be admissible that drilling operations had been initiated and the defendant had interfered with them.

In this situation we feel the burden is on the defendant to plead she is in fact in the sole possession of the premises under claim of right thereto before she can assert the

plaintiff must establish his right to possession in an action in ejectment.

Much of the argument of the defendant in support of her motion to dismiss is based upon her claimed right to a trial by jury. Her argument in this respect is premature. We held in Quintana v. Vigil, 46 N.M. 200, 125 P.2d 711, that a demurrer, of which our motion to dismiss is the equivalent, is not the appropriate means to be employed in calling for a jury. Her right to a jury trial and the query whether the plaintiff must first maintain an ejectment suit can only be determined on the filing of her answer and a timely request for a jury.

Even if the trial court then determines a judgment in ejectment must precede a final decision in the quiet title action, the latter should not be dismissed but abide its time on the docket of the court.

The judgment will be reversed and the cause remanded to the District Court with instructions to vacate the order of dismissal, enter one denying the motion and then proceed in accordance with the views herein expressed.

It is so ordered.

SADLER, COMPTON, and COORS, JJ., concur.

LUJAN, C. J., not participating.