Wilde J.
This case has been argued with great learning and ability ; and certainly there was ample scope for the ingenuity of counsel in the obscurity and perplexity of some parts of the case. There is little doubt, however, as to the general principles of the law ; the great difficulty lies in 'the construction of the contract, and in ascertaining the true intention of the contracting parties. But unskilfully and carelessly as the contract appears to have been drawn, the intention of the parties in some particulars is sufficiently clear.* [1] In the first place, it is clear that the first act was to be done by the defendant. He was to deliver possession of the lands in Lee and in the State of New York, by the 1st day of April next after the date of the contract; and nothing was to be done or performed by the plaintiff until after that time. This, therefore, is an independent covenant, and it is unnecessary for the plaintiff to show or aver performance of the covenants on his part. If a day is appointed for performing a covenant on one part, and it is to happen or may Happen before the covenants on the other part are to be performed, the covenants are independent. 1 Wms’s Saund. 320, note 1 ; Campbell v. Jones, 6 T. R. 571 ; Heard v. Wadham, 1 East, 629 ; Terry v. Duntze, 2 H. Bl. 389 ; Seers v. Fowler, 2 Johns. R. 272 ; Smith v. Woodhouse, 2 New Rep. 239.[1] The breach of this covenant is well assigned, and the plaintiff is enti led to recover, unless some one of the defendant’s *320 pleas is a sufficient bar. But none of the pleas now before us’ excepting the 9th, 10th, 11th and 12th pleas, are at all applicable to the covenants respecting the delivery of possession. If the 13th plea was intended as an answer to this covenant, it is clearly insufficient. That plea alleges, that “ the land in Ridgeville from which the defendant might have made his selection of said 450 acres, is not of as good quality for farming as Richard Wormer’s land.” This averment however is not at all inconsistent with any covenant or condition to be found in the deed. The plaintiff covenants that the 450 acres to be selected by the defendant, were to be of as good quality for farming as Richard Wormer’s land, but not that the whole tract from lohich the selection was to be made was of the like good quality. So, in another part of the deed, the parties agree that if the. said lands (referring, I take it, to the lands from which the selection was to be made) should not prove to be as good as the average of the lands in the vicinity, then the- contract should be void ; but it was riot to be void, because the lands were not of so good a quality as Warmer's. This plea therefore is no bar to the covenants respecting the delivery of possession, as to which we can perceive no objection to the plaintiff’s right to recover; for it is manifest that the 9th, 10th, 11th and 12th pleas are insufficient. As to the three first of these pleas, it will suffice to remark, that the deed declared on is not the deed of Nor-tori, Stocking & Co., nor did the plaintiff covenant in their name, nor undertake to bind them as their agent. He is only named as their agent by way of recital in the body of the deed ; but they are not parties to any of the covenants. As to the 12th plea, it is immaterial that the said Norton, Stocking & Co. had no title to the land agreed to be conveyed. Non constat but that the plaintiff had a good title. And if he had not, he might procure one, which would be sufficient to enable him to fulfil his covenant.[1]
The other covenant on which the plaintiff relies, is the covenant for conveyance. This and a corresponding covenant on the part of the defendant we consider as mutual de *321 pendent covenants. The principal object of the contract was the exchange of lands. No time was appointed for making the conveyances, but as the one conveyance was the consideration of the other, we cannot doubt that it was the intention of the parties that both should be made at the same time. The plaintiff declares that the defendant’s covenant was to have been performed within a reasonable time ; but it cannot be held reasonable that the plaintiff should require the defendant to perform his covenant, before the plaintiff should be ready to perform his. If the parties had intended that any such advantage of priority should be secured to either party, it would have been expressed in the deed. It has been argued, that the defendant was bound to convey at the same time he was to deliver possession ; but it is manifest from the language of the deed, that such was not the intention of the parties. The two conveyances were to be concurrent acts, and the covenants are therefore dependent.[2] But this point, which was very much discussed by counsel, does not appear to be material. For if the plaintiff was prevented from performing his covenant by the neglect of the defendant, it is equivalent to performance by the plaintiff. Smith v. Woodhouse, 2 New Rep. 240; Hotham v. E. I. Company, 1 T. R. 638. Now it is clear that no conveyance could be made by the plaintiff, before the selection of the lands was made ; and this selection was to be made by the defendant. If he refused to make it, it was incumbent on him to give notice, that the selection might be made by the three commissioners appointed for that purpose. But it seems that this neglect of the defendant ought to be alleged in assigning the breach.
This defect in the declaration, however, is not material, because on another ground the declaration is defective. It is stipulated in the deed, that the plaintiff should pay the
sum of 200 dollars. If this payment was to be made previous to the time when the conveyances were to be made, or at the same time, it is very clear that the plaintiff cannot re *322 cover without averring that he paid or tendered payment of the money.[1] This payment was to have been made the first day of July, nearly a month before the time when a deeu was demanded, and before the time contemplated by the parties for the performance of the principal covenants. The defendant was not obliged to make the selection before the first day of July ; and if not then made, a further time was allowed, that it might be made by the men appointed for that purpose. It is true the defendant might have made his selection before the first day of July, and if he had so done, the plaintiff might have tendered a deed, and the defendant would have been obliged to convey the lands according to his covenant, without any tender made of the 200 dollars ; but this was not done, nor was he compellable to make the selection until after the first day of July. It plainly follows, that when the plaintiff demanded a deed of the defendant on the 30th day of July, he was obligated to pay or tender payment of the 200 dollars. Lord Kenyon states the rule correctly on this point, in the case of Campbell v. Jones, 6 T. R. 571. “If one thing is to be done by a plaintiff, before his right of action accrues on the defendant’s covenant, it should be averred in the declaration that that thing was done.” The 200 dollars were part of the consideration the defendant was to receive for the conveyance to be made by him, and unless that conveyance was agreed to be made at all events before the time appointed for the payment of the money, it is very clear that the payment is a condition precedent. Smith v. Woodhouse, 2 New Rep. 233.
On the pleadings now before us it is clear that the plaintiff is entitled to recover on the covenant first to he performed, and that he is not entitled to recover on the other covenant.
The opinion of the Court is, that the said several pleas in bar are sufficient in law, and that the plaintiff is entitled to *323 damages for the breach of the covenant respecting the delivery of possession of the lands which were to have been delivered to him, unless he should be barred by the finding of the jury as to some one of the issues of fact.[1]

 In determining the question whether covenants are conditional, independent or mutually dependent, the true intention of the parties collected from the language of their contract, is held to be the proper guide for the court. Howland v. Leach, 11 Pick. 154; Manning v. Brown, 1 Fairfield, 51; Platt on Covenants, 72 to 80.

 See also Cunningham v. Morrell, 10 Johns. R. 204.

 See Howland v. Leach, 11 Pick. 154.

 Robb v. Montgomery, 20 Johns R. 20. See Lewis v. Meldon, 3 Randolph,

 For a learned and full exposition of the subject of covenants dependent, concurrent and mutual or independent, see Platt on Covenants, c. 3, § 5, (Law Library, No. 7.) v

 Barksdale v. Toomer, 2 Bailey, 180 ; Bank of Columbia v. Hagner, 1 Peters, 464, 465; Ackley v. Elwell, 5 Halsted, 304 ; Central Turnpike Co. v. Valentine, 10 Pick. 142 ; Bradford v. Gray, 3 Yerger, 463 ; Richards v Cart 1 Blackford’s (Ind.) R. 313.