[No. 2488. Feb. 25, 1921.]

BRENON MFG. CO. v. MARTIN & SWEENY.

SYLLABUS BY THE COURT.

1. Covenants in a contract are to be construed to be either dependent or independent of each other according to the intention and understanding of the parties and the common sense of the case.                                P. 77

2.   If a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance precedent; and so it is where no time is fixed for performance of that, which is the consideration of the money or other act.
                                                          P. 78

Appeal from District Court, Chaves County; Brice, Judge.

Action by the Brenon Manufacturing Company, a copartnership consisting of Theodore O. Loveland and James S. Records, against Martin & Sweeny. Judgment for defendants, and plaintiffs appeal. Affirmed.

A. J. Nisbet, of Roswell, for appellants.

R. D. Bowers, of Roswell, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.   Appellants brought suit against appellees on a promissory note for $80.   The note was dated November 13, 1915, and was made due and payable two months after date, but the time was extended to July 13, 1916.   Appellees answered, admitting the execution of the note set forth in the complaint, but denied that they owed appellants any sum thereon.   Appellees also filed a counterclaim, in which they set up that the note was given in compliance with the terms of a certain contract between the parties; copy of the contract being attached as an exhibit to the counterclaim.   The contract was for the carrying on of an advertising campaign for appellees' business; they being merchants engaged in a general mercantile business at Dexter, N. M. The purpose was the formation of a club and the giving of premiums, etc.   The first provision of the contract was as follows:

"On your approval of this order, deliver to me at your earliest convenience, f. o. b. factory or distributing point,

the Claxton piano, watches, silverware and advertising matter described on this and reverse side, in payment for which I herewith hand you my six notes, payable to your order, aggregating $490. If order is not approved and shipped by you the notes are to be canceled and returned to me."

This was followed by certain agreements to be performed by the Brenon Manufacturing Company not material here. Further material provisions of the contract were as follows:

"I hereby certify that my last twelve months' sales were not less than $24,000, and upon this figure my next twelve months' sales to be $28,400, and that if 1 22/27 per cent. of my gross sales does not amount to four hundred ninety dollars ($490) for the next twelve months, you will pay me the deficiency in cash, and immediately upon approval of this order send your bond for $490 to cover this agreement with me.

"To make the last above paragraph binding upon you I agree to furnish you within ten days approximately 150 names and addresses of persons whom I believe will make good club leaders and members. I agree to take the shipments promptly, carry out the trade extension campaign plan, promptly meet all notes and other obligations entered into under this agreement, keep the piano well displayed in my store, issue premium deposit checks to the amount of each purchase, and every thirty days of this contract to report to you my gross sales, and promptly furnish you all information you request to enable you to push the trade extension campaign."

Appellees alleged that appellants had failed to increase their gross sales, so that 1 22/27 per cent. of their said gross sales did not amount to $490, as they had stipulated to do; that the said percentage amounted to only $348.98, which left appellants owing them the sum of $141.02, which they set off as against the $80 note and asked judgment for the balance.

Appellants demurred to the counterclaim upon the ground that the conditions of the contract above set forth were dependent, and that the appellees had not alleged performance of the agreement on their part; i. e., that they had not alleged the prompt payment of the money represented by the note in ques-

tion. The demurrer was overruled, and a reply was filed, and the case was tried to the court, and a judgment was entered on the counterclaim.

The single question for determination in the case is whether or not the provisions of the contract were dependent or independent. The trial court held, as stated, that the provision as to the payment of the note in question was independent, and upon this theory sustained the recovery. It is to be observed . • that the note in question fell due some four months before the time within which appellants were required to comply with the terms and conditions of the contract on their part to be performed, and that appellants during such time had the right to sue and recover on the note. The rule of law in such cases is thus stated in Elliott on Contracts, vol. 2, § 1580:

"When upon consideration of the whole instrument it is clear that the one party relied upon his remedy, and not upon the performance of the conditions by the other, such performance is not a condition precedent. On the other hand, where it is clear that the intention was to rely on the performance of the condition, and not on the remedy, the performance is, a condition precedent."

[1] It is a general rule that covenants are to be construed to be either dependent or independent of each other, according to the intention and understanding of the parties and the common sense of the case. It is clear, when we view the notes given, the due date of the same, together with the contract of which they form a part, that the appellants were not relying upon the conditions of the contract to enforce payment of the notes, but took unto themselves the right to enforce payment by an action on the notes, and this they could do at the due date, notwithstanding that thereafter there remained covenants on their part to be performed. Upon the failure to so perform by them, appellees have only the right to recover damages, or to resort to the remedy provided by the contract; i. e., to recover

from the appellants such sum as their sales might fall below a designated amount.

[2] In a note to the case of Fordage v. Cole, 1 Saun. 320, will be found a very interesting discussion of the subject of dependent and independent covenants. The rule is thus stated:

"If a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for performance of that, which is the consideration of the money or other act."

See, also, the cases of Sheeren v. Moses, 84 Ill. 448; International Text-Book Co. v. Martin, 221 Mass. 1, 108 N. E. 469.

From what has been said it necessarily follows that the judgment of the trial court was correct and will therefore be affirmed; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.