## Mason & Hamlin Co., Appellant, v. Devon Manor School.

*Bailment—Lease of pianos—Failure to pay rental—Forfeiture—Replevin.*

1. Where a lease of pianos contains no provision authorizing the lessor to retake the property for failure to pay rent, the lessor cannot maintain replevin for the pianos because of such failure.

2. He may sue for the rent, as it matures, or replevin the property at the expiration of the lease.

3. The law will not imply a forfeiture for which the parties have failed to provide.

Argued February 7, 1922. Appeal, No. 319, Jan. T., 1922, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1920, No. 159, for defendant on affidavit of de-

fense raising question of law, in case of Mason & Hamlin Company v. Devon Manor School. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Replevin for four pianos. Before HAUSE, J.

The opinion of the Supreme Court states the facts.

Judgment for defendant on affidavit of defense raising question of law. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Julius C. Levi,* with him *J. Carroll Hayes, Alvin L. Levi* and *David Mandel, Jr.,* for appellant, cited: Jones v. Wands, 1 Pa. Superior Ct. 269; Cobb v. Deiches, 7 Pa. 252; Porter v. Duncan, 23 Pa. Superior Ct. 58; Reading Automobile Co. v. DeHaven, 53 Pa. Superior Ct. 344; Enlow v. Klein, 79 Pa. 488; Miller Piano Co. v. Parker, 155 Pa. 208; Ferguson v. Lauterstein, 160 Pa. 427; Stiles v. Seaton, 200 Pa. 114.

*Lester B. Johnson,* of *Scott, Van Dusen, Archbald & Johnson,* for appellee, cited: Marshall v. Oil Co., 198 Pa. 83; Smith v. Gas Co., 257 Pa. 396; McKean Gas Co. v. Walcott, 254 Pa. 323.

PER CURIAM, March 20, 1922:

This is an action of replevin, brought in August, 1920, for four pianos, which plaintiff had leased to defendant, in the preceding January, for the term of two years and three months, at the quarter yearly rental of $100. Default having been made as to one of said payments, this writ was issued. Defendant filed a counterbond and an affidavit of defense, raising law questions only, and this appeal by plaintiff is from judgment entered thereon for defendant.

There is no provision in the lease authorizing plaintiff to retake the property, or declare a forfeiture, for failure to pay rent or to keep the property insured; hence,

no such right exists. It is not unlike a tenancy of real estate where the lease must set forth the conditions upon which a forfeiture can be declared: Smith et al. v. The People's Natural Gas Co., 257 Pa. 396; Marshall v. Oil Co., 198 Pa. 83; Thompson v. Christie, 138 Pa. 230. A sufficient answer to plaintiff's claim is that no such right is given in the contract, and the law will not imply a forfeiture for which the parties have failed to stipulate. It would be.a novel rule to forfeit a lease of real or personal property for failure to pay promptly an installment of rent, where the contract contains no provision to that effect. Plaintiff may sue for the rent, as it matures, or replevin the property at the expiration of the lease, but this action is premature and cannot be sustained. The case of Ferguson v. Lauterstein, 160 Pa. 427, is not analogous; there the bailees had neither paid rent, nor exercised their option to purchase the property, and the defendant was a third party, who had bought the goods at sheriff's sale on an execution against the bailees; while in the instant case there was no attempt to misappropriate the property.

The judgment is affirmed.