[No. 2980.   April 29, 1926.]

## NUNLIST v. KELEHER et al.

[246 Pac. 904.]

### SYLLABUS BY THE COURT

1. Covenants in a contract are to be construed to be either dependent or independent of each other, according to the intention and understanding of the parties and the common sense of the case.

2. If a day be appointed for payment of the money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money or other act is to be performed, an action may be brought for the money or for not doing such other act before performance; for it appears that party relied upon his remedy, and did not intend to make the performance precedent; and so it is where no time is fixed for performance of that which is the consideration of the money or other act. Contract construed and agreement **held** to be independent, assuming the promise to furnish a written guaranty of temperature procurable by the heating plant was a promise to furnish a separate paper containing guaranty, with which contention of appellees we disagree.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Edward Nunlist against Margaret Keleher and another, a copartnership doing business under the firm name and style of the Western School for Private Secretaries, to recover the balance due on a contract. Judgment for defendants, and plaintiff appeals. Reversed and remanded, with instructions.

T. J. Mabry, of Albuquerque, for appellant.

Downer & Keleher, of Albuquerque, for appellees.

### OPINION OF THE COURT

BICKLEY, J.   The appellant (plaintiff) commenced suit against appellees (defendants) to recover balance due on a written contract to furnish labor and materials to do the steam heating in defendants' building as per plans and specifications prepared by the contractor for

[1] 13CJ p. 568 n. 12, 13; p. 571 n. 33. [2] 13CJ p. 570 n. 25, 26

the sum of $2,348. The contract was made by written
proposal, which included standard conditions printed
on the back thereof, together with a written addition
to paragraph 7 thereof, among which were the follow-
ing:

"No. 1. Payments are to be made monthly on a basis
of 90 per cent, of the value of the labor and materials
furnished during the preceding thirty days. The remain-
ing 10 per cent to be paid on completion of the contract.

"No. 7. If the work covered by this proposal includes
the installation of material and apparatus under specifi-
cations made by others, the performance liability is not
assumed by the contractor. Should the contractor guaran-
tee temperatures or operation of this system and tests be
required, such tests shall be made by the contractor under
standards established by the American Society of Heating
and Ventilating Engineers.

"No. 8. If upon completion of the work covered by this
proposal, weather or other conditions over which the con-
tractor has no control do not permit of a proper test, this
shall not be considered a sufficient reason for withholding
payment   *   *   *.

"Addition to No. 7. Contractor will furnish written
guaranty that plant will heat the rooms in which radiators
are located to seventy degrees when the outside tempera-
ture is zero, allowing for one change of air in the room
per hour."

The complaint alleges that plaintiff had performed
all the conditions of the contract on his part to be per-
formed; that defendants had paid $1,300 on the con-
tract, leaving due thereon $1,048, which had been
demanded but payment thereof refused. By answer
the defendants admitted the execution of the contract;
denied that plaintiff had performed all the conditions
hereof; admitted that $1,048 remains owing, due, and
unpaid; denied generally all the allegations of the
complaint. The defendants also set up a cross-com-
plaint, in which it was alleged that the equipment
furnished did not supply the amount of radiation called
for; that the plaintiff "promised to furnish a written
guaranty that the heating plant would heat the rooms
in which the radiators were located to 70° when the
outside temperature was zero, allowing for one change
of air in the rooms per hour; that the said contractor

failed and refused to furnish such written guaranty, but that said plant never at any time heated the rooms in which the radiators were located to 70° when the outside temperature was zero, allowing for one change of air in the rooms per hour, but, on the contrary, the said heat was entirely inadequate and insufficient and did not heat the rooms of the said school to anything like 70° when the outside temperature was zero, without allowing for one change of air in the rooms per hour''; that the radiation was inadequate and incomplete and unsatisfactory; that due to the failure, neglect, and refusal of the plaintiff to install said plant according to his contract and according to the plans and specifications provided for, and because of defective workmanship and inferior steam engineering, the defendants were obliged to repair the equipment and install other equipment, and by reason whereof the defendants were damaged in the amount of $1,500, for which they prayed judgment. Plaintiff replied by way of denial of new matter stated in the answer, and answered, denying the allegations of the cross-complaint.

The case proceeded to trial before a jury. The plaintiff introduced testimony to establish the performance of the covenants of the contract on his part to be performed. Testimony was introduced concerning the manner of installation of the plant, its efficiency, the amount of payment on the contract price, the balance due for which demand had been made and payment refused. Plaintiff also testified that on August 20, 1923, prior to bringing suit, he had signed up a separate written guaranty and left same with his attorney for the use of the defendants, but it appeared by the admissions of the parties that this paper was not delivered to the defendants until after suit was commenced. The separate written guaranty employed exactly the language of condition ''Addition to No. 7.'' No objection was made to the form or sufficiency of the writing except as hereafter stated.

At the close of plaintiff's case, defendants moved for

a directed verdict upon the ground that the plaintiff's
evidence showed that one term of the written contract
which he alleged in his complaint had been performed
as a matter of fact was not performed except at a time
after the institution of the suit, such term or covenant
being the agreement to furnish a guaranty in writing
as to the temperature procurable by the heating plant.
The defendants claimed and now claim that this cove-
nant concerning the temperature procurable · by the
plant was not furnished prior to the suit, and that it
was a dependent covenant, and that suit could not be
maintained on the contract until such alleged depend-
ent covenant had been complied with by the plaintiff.
The trial court adopted the defendants' view of the
matter and directed a verdict in favor of the defend-
ants.

Appellant assigns errors, which are grouped under
the following points:

(a) The furnishing of the written guaranty is not a
condition precedent to the right of plaintiff to recover.

(b) Appellant actually furnished the written guar-
anty prior to the suit.

(c) The written guaranty was a useless and unneces-
sary thing since the contract itself was the guaranty,
and, as the evidence showed that the plant came up to
the specifications called for, the guaranty then became
useless.

The agreement was a "Uniform Contract Form for
the Heating Contractor, Adopted 1920 by the National
Trade Extension Bureau." Printed on the back there-
of are "Standard Conditions Adopted by the National
Trade Extension Bureau for Steam, Hot Water, and
Better Heating Intallations." The evidence shows that
at the instance of the defendants there was written
thereon by their agent the clause designated "Addition
to No. 7." Beneath these printed and written condi-
tions is a place designated for the signature of the
contractor and the owner. The record does not show

signatures of the parties at this place. The contract provides:

"This proposal is for immediate - acceptance and includes the standard conditions printed on the back hereof which are hereby made a part of this proposal  *  *  *."

The acceptance of the defendants. was as follows:

"The foregoing proposal including the printed and written conditions on the back hereof is hereby accepted as a contract  *  *  *."

As we construe the contract, there was furnished by the contractor a written guaranty that the plant would heat the rooms to 70° under the conditions named in "Addition to No. 7" of the conditions on the back of the contract form when the contractor affixed his signature thereto and the owner accepted the same. We cannot see that there would be any virtue in a separate writing executed by the plaintiff promising the same thing. It might be different if the plaintiff had promised to execute a bond with sureties to guarantee such performance. But that is not in the case. This view is supported by the construction placed upon the agreement by the owner. In the counterclaim of defendants s heretofore stated, they alleged the promise of a written guaranty respecting temperature to be produced, and also that the plant never at any time did and would not heat the rooms to the temperature required and under the conditions mentioned in "Addition to No. 7." This. was denied by plaintiff, and thereupon an issue was made on that point by the parties. We think also that if the agreement to furnish such written guaranty could only be discharged by furnishing a separate paper setting forth the guaranty, such agreement was an independent covenant precedent to the commencement of the action to recover the balance due under the contract.

[1] There is abundance of authority to support the proposition that covenants in a contract are to be construed to be either dependent or independent of each other according to the intention and understanding of the parties and common sense of the case. Brenon Mfg.

Co. v. Martin & Sweeney, 27 N. M. 74, 196 P. 172. There are a number of rules which may aid the court in arriving at a proper construction of the agreement, and it has been well said that it is very largely a matter of construction. One of these rules is, as stated by Page on Contracts, § 2974, that:

"A covenant by one party which does not form the entire consideration for the covenants to be performed by the adversary party, but which forms only a part of such consideration, is held to be an independent covenant, at least if such covenant is not the vital or material feature of such contract, but forms only a minor part of the consideration, if the contract has been performed in part, at least as to the vital covenants thereof, and if the covenant in question is in part a consideration for such performance."

It is apparent that the vital or material feature of the contract in question is the furnishing by the contractor of a heating plant in accordance with plans and specifications prepared by the contractor and to be in accordance with the conditions "printed" on the back of the contract. A stipulation concerning the guaranty of temperature of 70° was written in as a covenant additional and separate from the paramount purpose of the agreement. It could not be said that this covenant formed the entire consideration or even that it was the vital feature of the contract.

[2] The element of the time within which the covenant under the consideration must be performed is an important element in determining the dependence or independence of the covenant. In Brenon Mfg. Co. v. Martin & Sweeney, supra, we decided that:

"If a day be appointed for payment of money, or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money, or other act, is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for performance of that which is the consideration of the money or other act."

We there cited International Text-Book Co. v. Martin, 221 Mass. 1, 108 N. E., 469, wherein it was decided:

"Where defendant guaranteed a contract, whereby his son agreed to pay a specified sum in 15 monthly installments for a scholarship, entitling him to instruction by correspondence until he was qualified to receive a diploma therefor, not to exceed five years, the promise to pay the installments was not dependent upon receiving the instruction, since they were to be paid before the instruction was completed.

"Where the promises in a contract are independent, the promisor must perform his promise and bring cross-action if the other fails to perform."

It will be noted from the portions of the contract heretofore quoted that payments were to be made monthly on a basis of 90 per cent of the value of the labor and materials furnished during the preceding 30 days, the remaining 10 per cent to be paid on completion of the contract, and that, should the contractor guarantee temperature, and tests be required and weather or other conditions did not permit of a proper test, this should not be considered as a sufficient reason for withholding payment. It is manifest that no temperature test could be made until the installation of the plant was complete. Payment was due when the plant was completely installed according to specifications. The temperature test might or might not be then made. No time is stated as to when the contractor must furnish the written guaranty in question. It is apparent that if the defendants considered that a separate writing embodying such guaranty was to be furnished by the contractor before the commencement of the work, they did not insist upon it being so furnished, because they paid apparently on monthly estimates under the contract the amount of $1,300. If they were entitled to be furnished with a separate written guaranty prior to the commencement of the work, they waived this requirement by making payments on the contract, and if they considered the furnishing thereof a vital and material thing to them, they should after such waiver have made demand therefor, which apparently they did not do. It seems to us that the time for performance by the defendants by paying the price agreed upon for the installation of the heating plant arrived or might have arrived before the time plaintiff could be

required to sign a separate written guaranty of temperature, and therefore that such promise by the plaintiff, if made, was independent. In line with our decision in Brenon Mfg. Co. v. Martin & Sweeny, supra, is O'Brien v. Liberty Mining Co. (Minn.) 204 N. W. 625, decided in July, 1925, which furnishes an additional illustration. The court decided:

"'If a day is appointed for performing a covenant on one part, and it is to happen or may happen before the covenants on the other part are to be performed, the covenants are independent.' Couch v. Ingersoll, 19 Mass. (2 Pick.) 292, 300. See, also, Noyes v. Brown, 142 Minn. 211, 171 N. W. 803. In such a case 'the latter promise is held to be an independent obligation, the nonperformance of which raises a cause for action merely, and does not constitute a bar to the right of the party making it to recover for a breach of the promise made to him.' Kinney v. Federal Laundry Co., 75 N. J. Law, 497, 68 A. 111. How much the more then is it impossible that, by his breach of an independent covenant, the promisor shall lose all benefit of his admittedly strict performance of a prior covenant, in no wise dependent on the one breached. The breach of the 'latter' independent undertaking rests 'in covenant merely,' and affords, to the promisee, 'no ground for avoiding the contract.' American Emigrant Co. v. County of Adams, 100 U. S. 61, 25 L. Ed. 563. That is a typical case and parallel in principle with this, for the thing there held to rest in covenant merely, and not to avoid prior partial performance, was a breach by the recipients of a public land grant of their 'engagements with respect to the drainage and settlement of the land.' The 'engagements' were contractual, and the breach thereof proven, yet the grant was sustained as against the claim that the grantees' subsequent breach abrogated it.

"Such contracts are wholly or partially divisible. One of the latter may 'contain a promise, the performance of which is stated as the price or exchange of certain counter performance; and the contract may also contain other promises for which no special price is fixed. In such a case a debt arises for the price stated in the contract for a portion of the performance as soon as that portion is rendered, and this debt is recoverable, in spite of default in the rest of the contract.' Section 872, Williston on Contracts."

In Glaser v. Dannelley, 23 N. M. 593, 170 P. 63, we decided:

"Where a contract contains mutual promises to pay money or perform some other act, and the time for performance for one party is to, or may, arrive before the time for performance by the other, the latter promise is

an independent obligation, and non-performance thereof merely raises a cause of action in the promisee, and does not defeat the right of the party making it to recover for a breach of the promise made to him. Contract construed, and agreement held to be independent."

For reasons above set forth, the case is reversed and remanded, with instructions to proceed in accordance with the views herein expressed; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.