[No. 3375. April 30, 1930.]

WALTERS v. UNITED STATES FIDELITY & GUARANTY CO. OF BALTIMORE, MD.

[288 Pac. 1044.]

Marron & Wood, of Albuquerque, for appellant.

Hanna & Wilson, of Albuquerque, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Appellant entered into a contract with Meyers and others. Frankel and others succeeded to the right of Meyers et al. under said contract. The contract discloses that Meyers and others were the owners of an oil and gas lease. Appellant, Walters, being the owner of an oil drilling outfit, engaged to and did place said drilling equipment on the property controlled by said Meyers and his associates, and agreed to allow said equipment to remain on said property subject to the use of Meyers et al. for the purpose of drilling one or more wells until said drilling operations were finished. In lieu of rental for said drilling equipment and in full compensation for the use thereof, appellant agreed to accept the assignment to him of certain oil leases. Meyers et al. agreed to drill one well on the leased premises, and at their option to drill a second well, using the Walters equipment, in which event assignment of additional leases was to be made to Walters. Appellant, Walters, covenanted that he had good title to said equipment, that the same was free of incumbrances, and further "that no person shall lawfully take the same from the possession of the parties of the first part" (Meyers and his associates). Meyers et al. agreed to make

repairs and to take such care of the drilling machinery as would serve to keep the same in first-class condition, and further agreed to employ appellant, Walters, as superintendent and driller during the continuance of drilling operations upon said well or wells, and agreed that Walters should have full charge of the hiring and discharging of any employees at the well "during the time he is employed as such superintendent and driller." Walters was to receive wages, provided, however, that said wages should not be paid during any time for which his services as such superintendent and driller were not required, through his fault. Meyers et al. were to furnish a guaranty to secure payment to Walters of said wages. On December 18, 1925, Walters was discharged, by the successors of Meyers et al. and forbidden to come upon the premises. Upon the same day Frankel and others (successors to Meyers et al.) brought a suit in equity against appellant, Walters, alleging, in substance, that he refused to continue his work under the contract, and was threatening to remove the drilling equipment from the property and praying for injunctive relief. An injunction pendente lite was granted, restraining appellant from further entering upon the premises or using, removing, or attempting to remove, said drilling equipment, or in interfering in any manner with the plaintiffs in that suit in their use thereof. An injunction bond conditioned as is usual, with appellee as surety, was required and filed. The cause was tried upon its merits and final judgment rendered, dismissing the complaint for want of equity.

After the equity suit for injunction was dismissed, appellant brought suit upon injunction bond against the surety, the appellee, to recover damages caused by the injunction. The trial court awarded damages covering attorney's fees, expended by appellant, but refused to consider evidence of damages for alleged wrongful detention of the property or damages for alleged failure of said principal to repair said equipment. This appeal is taken upon the ground that the damages awarded by the trial court are inadequate.

The trial court ruled that the contract between the parties was severable, and the discharge of the appellant

and excluding him from work was not a breach of the entire contract, authorizing him to retake the drilling equipment. Appellant says this was error. We think the ruling was correct. The effect of the contract was to invest the possession of the drilling equipment in the owner of the oil and gas lease upon whose property the equipment was placed by appellant and in whose possession it was to remain until the drilling operations were completed. But the appellant contends that the effect of the injunction was to prevent the plaintiff from continuing further in the capacity of superintendent and driller in charge of the operations, and for that reason the whole contract was breached by the defendants in the injunction suit, and that said defendants no longer had the right to the possession of the property after having made it impossible for the appellant to continue as superintendent and driller.

This brings us again to a consideration of the contract for a determination as to whether said contract was severable or entire. We agree with the trial court that the contract is severable. Some of the covenants result in the rental of the equipment by plaintiff to the owner of the oil and gas lease, for the use of which equipment the appellant was to receive the assignment of certain oil and gas leases "in lieu of rental and in full compensation for the use of said well drilling outfit," etc. The employment of appellant as superintendent and driller at stipulated wages is a separate and independent subject. We have several times said that whether a contract is severable or entire is to be determined by ascertaining the intention of the parties as expressed by the terms of the contract in the first instance. See Fancher v. County Commissioners, 28 N. M. 179, 210 P. 237. See, also, Nunlist v. Keleher, 31 N. M. 358, 246 P. 904, 48 A. L. R. 366. We deem it unnecessary to cite many cases. It is largely a question of construction in each case. The owners of the oil lease having bargained for the drilling equipment by contract terms complete in themselves, it is not apparent why they might not contract with appellant or another to act as driller. The fact that appellant was contracted with in the same instrument to act as driller does not necessarily show that the contract was entire.

We also think that the argument of appellant that failure of appellee's principal to keep the rig in good condition and repair, and the action of appellee's principal in assigning or subletting their right in the contract and appellant's equipment to another, constituted a breach which gave appellant the right to terminate the contract and remove said equipment from the premises, is unsound. Such may be the law controlling simple bailments, but the transaction in the case at bar is something more.

While, strictly speaking, the transaction may be a bailment, in some cases the parties to the letting of personal property are spoken of as landlord and tenant. 35 C. J. Landlord and Tenant, § 9. In discussing the right of a bailee, it is said in 6 C. J. Bailments, par. 68:

"Where the bailment is accompanied with other contracts or stipulations which affect its character, and give to the bailee other rights not incident to a simple bailment, where there is no personal confidence and none of the characteristics of an estate at will, and where it would be entirely consistent with the analogies existing in the case of real estate to hold that the bailee has an assignable interest which may be transferred to a third person, an assignment by the bailee will be enforced and protected as between the parties and as against all parties whose interests are not injuriously affected by the transfer. Of this class are cases * * * where there is a hiring for a fixed time without restriction or limitation from which any personal confidence may be inferred."

There is nothing we discover in the contract which implies a personal confidence in the bailee or tenant or distinguishes it from an ordinary lease transaction. There is no covenant against assignment or subletting. We also observe that there is no forfeiture clause in the contract or lease of appellant's drilling equipment. In 35 C. J. Landlord and Tenant, § 235, it is said:

"Except as otherwise provided by statute, a tenancy cannot be terminated for a breach of covenant by the lessee where there is no provision in the lease for a forfeiture or right of re-entry on the occurrence of the breach. The only remedy is by action for damages for breach of the covenant. This rule applies equally well not only to a breach of covenant to pay rent, but also to the breach of a covenant against assigning or subletting, * * * or the breach of a covenant to make repairs;"

See, also, Parsons v. Ball (1924) 205 Ky. 793, 266 S. W. 649, 650, where the court said:

"The contract does not provide in terms for forfeiture of the leased premises, or of the lessee's right under the lease, in case he

fails to keep the houses in proper repair, and as forfeitures are not favored in law, none will be implied. It follows that the lessee's failure to keep the property in proper repair did not justify the lessor's refusal to re-lease the property in accordance with the terms of the contract. On the contrary, if the lessee was under an implied duty to keep the property in repair, a question not now before us, his failure to perform that duty merely furnished the basis of a claim for damages, or of an action for equitable relief."

As showing that the same principle holds good as to a lease of personal property, see Mason & Hamlin Co. v. Devon Manor School (1922) 273 Pa. 398, 117 A. 78. That case was an action for replevin for pianos which plaintiff had leased to defendant. Default having been made as to one of the rental payments, the writ was issued. The court said:

"There is no provision in the lease authorizing plaintiff to retake the property or declare a forfeiture for failure to pay rent or to keep the property insured; hence, no such right exists. It is not unlike a tenancy of real estate, where the lease must set forth the conditions upon which a forfeiture can be declared. * * * A sufficient answer to plaintiff's claim is that no such right is given in the contract, and the law will not imply a forfeiture for which the parties have failed to stipulate. It would be a novel rule to forfeit a lease of real or personal property for failure to pay promptly an installment of rent, where the contract contains no provision to that effect."

From all of the foregoing, we conclude that the judgment should be affirmed, and it is so ordered.

PARKER and SIMMS, JJ., concur.

WATSON and CATRON, JJ., did not participate.